UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JANE DOE,
                Plaintiff,

v.                                                                                          **ORDER**

SARAH LAWRENCE COLLEGE, CRISTLE            19 CV 10028 (VB)
COLLINS JUDD, ALLEN GREEN, DANIEL
TRUJILLO, PAIGE CRANDALL, and
BEVERLY FOX,
                Defendants.
--------------------------------------------------------------x

On October 29, 2019, plaintiff filed this action under the pseudonym Jane Doe. (Doc. #1). The same day, plaintiff moved to proceed pseudonymously. (Doc. #3).

For the reasons set forth below, the motion to proceed pseudonymously is GRANTED.

In deciding whether to exercise its discretion to permit plaintiff to proceed pseudonymously, the Court balances plaintiff's interest in anonymity against the public interest in disclosure and the potential prejudice to defendants, considering the various non-exclusive factors set forth in <u>Sealed Plaintiff v. Sealed Defendant</u>:

> (1) whether the litigation involves matters that are highly sensitive and of personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d 185, 190 (2d Cir. 2008) (internal citations, quotations, and alterations omitted). No one factor is dispositive. Doe v. Solera Capital, LLC, 2019 WL 1437520, at *8 (S.D.N.Y. Mar. 31, 2019).

Factors one, two, three, and seven weigh strongly in favor of proceeding pseudonymously. The instant case involves matters highly sensitive and personal to plaintiff, and identification of sensitive and personal information or circumstances poses a risk of emotional and mental harm to plaintiff. Further, although the complaint alleges infractions by defendants respecting plaintiff's requested confidentiality, plaintiff's identity and the circumstances giving rise to her claims to do not seem to have been made public outside of this litigation.

Although most of the remaining factors either are neutral or weigh against anonymity to some degree, no combination of this grouping outweighs plaintiff's interest in anonymity, at least at the current stage of the proceedings.

Accordingly, the motion for leave to proceed pseudonymously is GRANTED.

However, because the relevant circumstances may change, the Court will review this matter again in 120 days. Accordingly, by February 28, 2020, plaintiff's counsel shall submit a letter to the Court indicating whether plaintiff wishes to continue proceeding pseudonymously, and why. Within seven days of the filing of that letter, defendants may submit a letter in response.

The Clerk is instructed to terminate the motion. (Doc. #3).

Dated: October 31, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge