

Joshua M. Agins
T. 585 454 0759
F. 585 231 1918
jagins@wardgreenberg.com

**By CM/ECF**

May 20, 2021

Hon. Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
   Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Jane Doe v. Sarah Lawrence College et al.*
       Case No. 7:19-cv-10028-PMH-JCM

> **SO ORDERED:**
> Plaintiff is directed to respond to this letter by close of business May 21, 2021. The Court will hold a telephone conference on May 26, 2021 at 10:00 a.m. to discuss the issues raised in this letter. Counsel shall call 877-873-8017 and enter access code 4264138 at the time of the conference.
>
> _/s/ Judith C. McCarthy_    5-20-21
> JUDITH C. McCARTHY
> United States Magistrate Judge

Dear Judge McCarthy,

I write pursuant to the Court's Individual Rules of Practice, Paragraph 2.A, and Local Rule 37.2,[1] to request a conference regarding the flurry of discovery demands that plaintiff served following the May 13 status conference. While defendants can and will accommodate the bulk of the demands without troubling the Court, defendants seek a protective order vacating plaintiff's Rule 30(b)(6) notice and its accompanying document demands. For reasons discussed below, it appears quite plain that plaintiff is using that 30(b)(6) notice as a mechanism to cure—by shifting to defendants—the consequences of her failure to timely pursue discovery in this case. Compounding this is plaintiff's failure to apprise the Court, or me, at the recent compliance conference that plaintiff would seek to pursue a 30(b)(6) deposition as one of the "three" depositions plaintiff represented she would be taking.

In the absence of a protective order, the College will be compelled not only to prepare for and attend four (not three, as represented) Rule 30(b)(1) individual depositions, but also to prepare multiple "issue" witnesses regarding a litany of ill-defined topics—all in roughly a week. That timeline does not constitute "reasonable notice" under Rule 30 and is not an appropriate use of a 30(b)(6) notice in any case, much less under the circumstances here.

Some additional context would be helpful here. As the Court no doubt recalls, at the May 13 status conference plaintiff reported that she had not completed or noticed *any* depositions, despite a looming June 2 deadline. The Court asked how many depositions plaintiff intended to conduct, and plaintiff's counsel represented to the Court that plaintiff intended to take 3 depositions. The

---

[1] On May 17 and May 18, Ms. Mabie and I conferenced on these issues by phone.

Court directed plaintiff to do so by June 2, and declined to entertain plaintiff's request for an extension of the long-established June 2 deadline for completion of depositions.

Contrary to the representation made at the conference, plaintiff actually served *five* notices—four for specific witnesses pursuant to Rule 30(b)(1), *and* a 30(b)(6) notice with twenty broad topics that would require the College to identify, prepare, and produce several different witness from multiple departments, potentially along with a litany of documents. *See* Exhibit A. Compliance with these last-minute notices would require the College, on scant notice and during end-of-semester activities, to produce the four specified witnesses and address the 30(b)(6) preparation.

In an effort to avoid unnecessary motion practice, defendants are willing to produce the four 30(b)(1) witnesses as noticed by plaintiff, on the requested dates. As noted, doing just that places a considerable burden on the College to prepare these four witnesses, who include three Deans with busy end-of-semester schedules, on an extremely abbreviated timeline.

The 30(b)(6) notice, however, is an entirely different animal because it would require us to search for additional documentary materials beyond the responsive materials already produced, and plaintiff could well seek to argue that whatever testimony is taken should cabin the College as to the specified topics, without any opportunity for supplementation. This would effectively shift to defendants the consequences of plaintiff's self-imposed delay. I do not believe doing so is consistent with the discussions held with the Court on May 13, and certainly it is incongruous with the spirit of the Court's ruling and the rather direct message conveyed to us at the May 13 conference.

In terms of discussions to date about these issues, on May 14 (the day after receiving the notices), I wrote to Ms. Mabie to express defendants' concerns with plaintiff's approach. *See* Exhibit B. Since then, Ms. Mabie and I have participated in a series of required "meet and confer" sessions, and plaintiff has revised her 30(b)(6) notice three times in an effort to clarify the topics. As it now stands defendants have two primary concerns, which remain unaddressed and thus require intervention.

First, the revisions to the 30(b)(6) notice do not address defendants' fundamental objection: a 30(b)(6) notice on this abbreviated timeline is improper and does not constitute "reasonable notice" under Rule 30. Defendants cannot reasonably be expected to prepare a witness or witnesses to give *exhaustive* testimony on such short notice, particularly given the competing demands imposed as a result of the last-minute 30(b)(1) notices.

Moreover, despite the multiple revisions, the current iteration of the 30(b)(6) notice, which plaintiff served on the evening of May 18, continues to suffer from both its overbreadth and its ambiguity. *See* Exhibit C. For example:
> ➢ "**Vetting and supervision of teacher, faculty, staff, volunteer, student, and parent activities concerning known or suspected violations of Title IX at Sarah Lawrence College in the 2017-2018 academic school year**."

> **"Identify any evaluation criteria used to assess institutional performance with Title IX requirements at Sarah Lawrence College in the 2017-2018 academic school year, including any evaluations by any 'Sexual Assault Task Force.'"**

In addition to our concern of ambiguity, the notice also appears to identify topics that are simply not relevant to any viable legal theory in this case. For example:

> **"Defendants policies and procedures for monitoring student and non-student residential housing at Sarah Lawrence College in the 2017-2018 academic school year, including any housing accommodations requested pursuant to Title IX compliance**."

As I have said to Ms. Mabie several times, these requests remain improper, unintelligible, or both. Finally, the revised notice still would appear to require testimony not only from witnesses knowledgeable about Title IX, but also about issues most properly addressed by persons in the Office of Residential Life, the Office of Safety and Security, and perhaps others.

We respectfully seek a conference, at which we plan to ask for both a protective order. We thank the Court for its consideration.

Respectfully,

s/ Joshua M. Agins

Joshua M. Agins
Enclosures (Exhibits A-C)

CC: James R. Marsh (*by CM/ECF*)
      Margaret E. Mabie (*by CM/ECF*)